# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ARNOLD KITTICK, JR.,

    Petitioner,

vs.

STATE OF ALASKA,[1]

    Respondent.

Case No. 03:12-cv-00070-SLG

## **ORDER OF DISMISSAL**

Mr. Kittick, a self-represented state prisoner, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 relating to his 2008 conviction in state court. This court, in its preliminary review of the petition,[2] determined that the petition may not have been timely filed.[3] A federal habeas petition regarding a state court judgment must be filed within one year of when the state court proceedings concluded.[4] Mr.

---

[1] At the June 11, 2012 hearing, Mr. Kittick indicated that the proper respondent in this case is Joe D. Driver, Warden, Hudson Correctional Center.

[2] Docket 4 at 1 (citing Rules Governing § 2254 Cases in the United States District Courts, Rule 4) (directing a district court to dismiss a petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]")). *See* 28 U.S.C. § 2243.

[3] Docket 4 at 3-4.

[4] Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  . . . or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.").

Kittick's state court proceedings became final on November 4, 2010.[5] Therefore, the one-year period expired on November 4, 2011. Mr. Kittick filed this action in federal court on March 30, 2012.[6] He filed a motion for appointment of counsel on that same date.[7] Mr. Kittick also tried to file an application post-conviction relief in state court, which appears to have been accepted by that court for filing in April 2012.[8]

On April 16, 2012, this court issued an Order to Show Cause requiring Mr. Kittick to show "either (1) that his petition was timely filed, or (2) that there were extraordinary circumstances that prevented him from filing his petition on time **and** that he exercised reasonable diligence in attempting to timely file his petition."[9] That Order also provided that if Mr. Kittick failed to make the requisite showing, this case would be dismissed.

Mr. Kittick submitted a response to the Order to Show Cause on April 30, 2012, and appended additional documents.[10] This court held a hearing on June 11, 2012 to address Mr. Kittick's allegations regarding the reasons for his failure to timely file his

---

[5] Docket 1-1 at 10. This court had previously identified the conclusion of Mr. Kittick's state court proceedings as October 26, 2010, which was the date of the Alaska Supreme Court's denial of his request for review of the Court of Appeals' decision in his case. However, November 4, 2010 is the date on which that decision became final. *See* AK. App. Rules of Proc. 506, 510, 512. *See also* Docket 8; Docket 1-1 at 10 ("The decision is final ten days after it was issued, or November 4.").

[6] Docket 1.506,

[7] Docket 3.

[8] Docket 1-1 at 2; *Kittick v. State of Alaska*, Case No. 3AN-12-06739CI. The Superior Court has not yet taken any action with regard to that petition.

[9] Docket 4 at 8.

[10] Docket 6.

petitions in state and federal court. Mr. Josephson attended that hearing at the court's request.[11] Mr. Kittick appeared telephonically.

Mr. Kittick has not asserted that his federal habeas corpus petition was timely filed with this court before the November 4, 2011 deadline. Therefore, Mr. Kittick must demonstrate some basis for the one-year limitations period to be tolled (i.e. suspended) in order to proceed with the late-filed federal habeas petition.

Mr. Kittick filed his state petition for post-conviction relief on April 16, 2012.[12] The deadline for the filing of that petition in state court was November 4, 2011, the same as the filing deadline for his federal habeas petition. As this court explained in the April 16, 2012 Order to Show Cause, the one-year limitations period for a federal habeas petition can be tolled (i.e., suspended) "during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim[.]"[13] But "[a]n untimely state habeas petition is not considered 'properly filed' and thus does not toll the federal statute of limitations."[14] Thus, even if the state court determines that there are reasons to accept Mr. Kittick's petition for post-conviction relief as timely, the statute of limitations for the federal habeas petition would not be tolled, as the period during which the state petition could be considered "pending" under the meaning of the statute would only be counted from

---

[11] Docket 8.

[12] *Kittick v. State of Alaska*, Case No. 3AN-12-06739CI. The Superior Court has not yet taken any action with regard to that petition.

[13] *Mardesich v. Cate*, 668 F.3d 1164, 1168-69 (9th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

[14] *Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012) (citing *Allen v. Siebert*, 552 U.S. 3, 5 (2007) (per curiam)).

the date of its filing (either April 16, 2012 or, in a generous reading of the record, February 2012), which was after the one-year limitations period had already expired.[15] Accordingly, Mr. Kittick is not entitled to statutory tolling on the basis of his recently filed state court petition for relief, as Mr. Kittick's state court petition was not *pending* during the limitations period.

As the court also discussed in its Order to Show Cause, equitable tolling (i.e., suspension of the one-year limitations period) is sometimes available. But "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."[16]

But the record here does not demonstrate that Mr. Kittick was pursuing either the state court or the federal court proceedings with reasonable diligence. With respect to the state court proceedings, the record contains a letter that Mr. Kittick received from his attorney in the direct appeal dated November 4, 2010 that clearly informed Mr. Kittick of the one-year time limit for Mr. Kittick to file an application for post conviction relief in state court. The letter provides:

> As we have often discussed, you have one year from the date on which this decision is final within which you MUST file a petition for post-conviction relief, if you choose to do so. The decision is final ten days after it was issued, or November 4. Therefore you must file a post-conviction application before November 4, 2011.

---

[15] "A petitioner who unreasonably delays in filing a state habeas petition would not be granted the benefit of statutory tolling because the petition would not be considered "pending[]" . . . or "properly filed[]" . . . within the meaning of § 2244(d)(2)." *Nedds v. Calderon*, 678 F.3d 777, 780 (9th Cir. 2012) (citing *Carey v. Saffold*, 536 U.S. 214, 225 (2002); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[16] *Holland v. Florida,* 130 S. Ct. 2549, 2562; 560 U.S. ___ (2010).

> If you wish to file such a petition I urge you to do it as soon as possible, and not to wait until you are close to the deadline. As I have emphasized to you, you DO NOT need copies of all your trial court documents, or other supporting material, in order to file. You just have to fill out the form and send it to the clerk. An attorney will then be appointed to assist you, and to help you document your claim in any way which is necessary. I will be happy to cooperate with that attorney.
>
> If you have further questions about this I am happy to try to answer them. Otherwise, this concludes the services I can perform for you, and I will close your file.[17]

Mr. Kittick, however, did not file a state court post-conviction relief petition until 2012, after the one-year period had elapsed. He did hire a private attorney, Joe Josephson, to file his state post-conviction petition on his behalf on February 24, 2011.[18] Mr. Josephson received a $6,000 initial retainer from Mr. Kittick, but both parties signed a fee agreement that indicated that Mr. Josephson required an additional $18,000 retainer for his representation of Mr. Kittick in that proceeding. Mr. Kittick indicates that he never paid that additional amount. Mr. Josephson stated that as of July 2011, Mr. Kittick was aware that he could not afford to have a private attorney continue to represent him. Rather, beginning on August 17, 2011, portions of the initial $6,000 retainer that Mr. Kittick had paid Mr. Josephson were remitted to Mr. Kittick at his request to cover his medical expenses at Hudson Correctional Center.[19]

It appears that Mr. Kittick and Mr. Josephson were in regular communication throughout the limitations period. Both Mr. Kittick and Mr. Josephson indicated that Mr. Kittick sent a draft of his state court petition for post-conviction relief to Mr. Josephson in

---

[17] Docket 1-1 at 10.

[18] Docket 6-4 at 2 – 7.

[19] The entire amount was not remitted. Mr. Josephson and Mr. Kittick both indicated that Mr. Josephson continued to assist Mr. Kittick with other legal work. Mr. Josephson stated that he had records reflecting that at least twenty hours had been spent working on Mr. Kittick's behalf.

August 2011, which Mr. Josephson reviewed and discussed with Mr. Kittick. There is no persuasive indication that Mr. Kittick was relying on Mr. Josephson to file any petitions on his behalf by the end of the limitations period. And it appears that Mr. Kittick was well aware of the one-year limitations period long before its expiration date.

When asked by the court at the June 11, 2012 hearing why he had not filed his federal habeas petition within the one-year limitations period, Mr. Kittick explained that he had not known how to write a petition, and it was only after conducting research that he understood the legal principles involved. When questioned by the court, Mr. Kittick acknowledged that he only began his research shortly before the limitations period expired, and did not offer any explanation as to why he had not begun earlier.

Based on the representations of Mr. Kittick and Mr. Josephson, this court finds that Mr. Kittick was aware of both the state and federal one-year statutes of limitations and knew that he (and not Mr. Josephson) was personally responsible for filing any federal habeas petition within that one-year time frame. Mr. Kittick has failed to show that he exercised "reasonable diligence" in that regard. And, while Mr. Josephson could be faulted in this case for inadequate representation of Mr. Kittick after he received $6,000 of Mr. Kittick's money and failed to adequately protect his client's interests, Mr. Kittick has failed to demonstrate that there were the requisite "extraordinary circumstances" that prevented Mr. Kittick from filing his federal habeas petition within the one-year time limit. He has therefore not demonstrated that equitable tolling of the statute of limitations is warranted.

3:12-cv-00070-SLG, *Kittick v. State*
Order of Dismissal
Page 6 of 7

Therefore, because this action was filed over one year after the conclusion of Mr. Kittick's state court proceedings, it is untimely and must be dismissed.[20]

For the foregoing reasons, it is ORDERED:

1. This case is DISMISSED with prejudice;

2. Mr. Kittick's Motion to Appoint Counsel is DENIED;

3. The Clerk of Court will enter a Judgment in this case; and

4. A Certificate of Appealability is DENIED.

Dated at Anchorage, Alaska this 26th day of June, 2012.

/s/ Sharon L. Gleason
United States District Judge

---

[20] Rules Governing § 2254 Cases in the United States District Courts, Rule 4. *See* 28 U.S.C. § 2243.